1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                         **DISTRICT OF NEVADA**

6                                    **\*\*\***

7

8    WILLIAM DALE LEE,

                        Plaintiff,
9                                              2:21-cv-01569-VCF
     vs.
10                                             **Order**

11   KILOLO KIJAKAZI, Commissioner of Social   MOTION TO REMAND [ECF NO. 19]; CROSS-
     Security,                                 MOTION TO AFFIRM [ECF NO. 21]
12
                        Defendant.
13

14

15

16          This matter involves plaintiff William Dale Lee's request for a remand of the Administrative

17   Law Judge's ("ALJ") final decision denying his social security benefits.  Lee filed a motion for remand

18   (ECF No. 19) and the Commissioner filed a cross-motion to affirm. (ECF No. 21).  I deny plaintiff's

19   motion to remand and grant the Commissioner's cross-motion.

20   **I.      Background**

21          William Dale Lee filed an application for supplemental security income on October 24, 2018,

22   alleging disability commencing June 1, 2017. AR[1] 562-572. The ALJ followed the five-step sequential

23

24   _____

25   [1] The Administrative Record ("AR") is at ECF No. 17.

                                                    1

evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520.  The ALJ agreed that Lee did not engage in substantial gainful activity since his application date of October 24, 2018 (step one). AR 30 and 182. The ALJ found plaintiff suffered from medically determinable severe impairments consisting of morbid obesity (BMl 55.6) (status post bariatric surgery): degenerative disc disease lumbar spine (status post surgery); dysfunction major joint - left shoulder (torn rotator cuff), left knee torn ACL (ACL replacement surgery); peripheral neuropathy; asthma; diverticulitis; gout; hernias (status post surgery); depression: anxiety; and posttraumatic stress disorder ("PTSD"). AR 182. The ALJ decided that the impairment did not meet or equal any "listed" impairment. AR 182 citing 20 C.F.R. part 404, subpart P, Appendix 1. The ALJ assessed Lee as retaining the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except he is able to stand/walk 2 hours in an 8-bour workday and sit 6+ hours in an 8-hour workday. He is capable or occasional climbing of stairs/rams, but he is never capable of climbing ladders and scaffolds. He is capable of occasional balancing, stooping, kneeling and crouching, but never crawling. He is capable of occasional reaching overhead and above the shoulder with the left arm. He must avoid concentrated exposure to noise (above moderate level), moving mechanical parts, unprotected heights, and fumes, odors, dusts, gases, and poor ventilation. He is able to understand, remember and carry out simple and routine tasks and instructions (SVP level 2) but not complex tasks and instructions. He is capable of occasional interaction with the general public.

AR 184.

The ALJ compared the residual functional capacity assessed to the demands of Lee's past relevant work as a home attendant and attendant/orderly and decided that Lee could not perform that kind of work. AR 194. The ALJ classified Lee as a younger individual age 18-44 on the application date. AR 195. The ALJ categorized Lee as possessing a limited education. AR 195. The ALJ treated the

question of transferability of skills as immaterial. AR 195. The ALJ weighed testimony of a vocational expert that an individual of Lee's age, education, work experience, and residual functional capacity could perform the work of office clerk/paster, addresser, assembler. AR 195-196. The ALJ concluded that Lee did not suffer from a disability since October 24, 2018, the application date. AR 197.

Plaintiff argues that the ALJ failed to properly evaluate the medical evidence in assessing Lee's mental RFC. 20 C.F.R. § 416.920(e). ECF No. 19. Plaintiff argues that the ALJ's finding that Lee is limited "to occasional interaction with the general public only" lacks the support of substantial evidence. *Id*. Plaintiff argues that the evidence shows that Lee would also be limited in interactions with supervisors and co-workers. *Id*. The plaintiff points out that the consultive examiner opined that Lee's symptoms were "consistent with anxiety, low tolerance for stress, and emotional difficulty coping with and managing social settings and interactions are barriers for him, and he appears vulnerable to sustaining this level of functioning and tolerating stress as one would expect within various employment settings." *Id*., citing to AR 1233.

Plaintiff also points out that the state agency physicians also opined that Lee would be moderately limited in the ability to work in coordination with or in proximity to others without being distracted by them, moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors and moderately limited in the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. ECF No. 19 at 6, citing to AR 446-447, 464-465. Plaintiff argues that despite these opinions, both physicians concluded that Lee was only limited to work not requiring public contact. *Id*. Plaintiff argues that these conclusions are not supported by their own opinions. *Id*. The ALJ found these opinions persuasive. *Id*.

The plaintiff argues that the ALJ did not articulate any reason for rejecting the consultative examiner's opinion regarding limitations with interacting with supervisors and co-workers. ECF No. 19

at 7. The plaintiff also notes that the ALJ did address the inconsistent opinions of the state agency physicians as they pertain to interactions with supervisors and co-workers. *Id.* The plaintiff argues that the ALJ's stated reasons in formulating Lee's mental RFC are not logical and rational. *Id.*

The defendant asserts that the ALJ's RFC assessment is supported by substantial evidence and is free of legal error. ECF Nos. 19 and 22. Defendant argues that in assessing plaintiff's RFC, the ALJ properly considered the medical opinion evidence and the prior administrative medical findings from the State agency psychological consultants. *Id.* at 5. Defendant argues that no medical opinion or prior administrative medical finding included limitations in plaintiff's ability to interact with supervisors and co-workers. *Id.* The plaintiff argues in the reply that the ALJ's interpretation of the evidence was not reasonable. ECF No. 23 at 4.

## II.   Discussion

### a.  Legal Standard

The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  U.S. Const. amend. V.   Social security plaintiffs have a constitutionally protected property interest in social security benefits.  *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).  When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential

standard of review"). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The District Court's review is limited.  *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence."  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence).  If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### b.  Analysis

#### i.  Sheri J. Hixon-Brenenstall, Ph.D

The ALJ determined that plaintiff was capable of occasional interaction with the general public. AR 184. Plaintiff argues that the ALJ should have included additional limitations to his ability to interact with supervisors and co-workers. Although plaintiff argues that the May 2019 medical opinion of psychological consultative examiner Dr. Sheri J. Hixon-Brenenstall supports the inclusion of limitations in interacting with supervisors and coworkers, no such statement appears in that opinion. AR

1233. Dr. Hixon-Brenenstall observed that plaintiff's social skills appeared to be "decent;" but he "appear[ed] vulnerable to sustaining this level of functioning and tolerating stress as one would expect within various employment settings" AR 1233. This statement says nothing about plaintiff's ability to interact with supervisors and co-workers. Omitting RFC limitations in interacting with supervisors and co-workers in no way conflicted with Dr. Hixon-Brenenstall's opinion. The ALJ interpreted Dr. Hixon-Brenenstall's opinion as being consistent with his ultimate RFC determination. AR 193. The ALJ noted "I find this opinion persuasive to the extent that I agree that he is capable of [the other mental limitations articulated in the RFC] and occasional interaction with the general public." AR 193.

The ALJ's discussion indicates that Dr. Hixon-Brenenstall's examination notes support a limitation to occasional interaction with the general public with no additional limitations in social interaction. AR 1228-34. See 20 C.F.R. 416.920c(c)(1). Plaintiff reported at the examination that he did not participate in organized social activities such as clubs or church, but he did socialize with his parents and two friends who lived nearby, and he also talked on the phone with two friends who lived out of the area. AR 1229. Dr. Hixon-Brenenstall noted that plaintiff's social skills were decent, but she observed that his anxiety symptoms limited his social interactions with her at the examination. AR 1230. This evidence supports the ALJ's conclusions that plaintiff would have some limitation interacting with the general public (who are people he would not know, like an examining doctor) but he would not be limited when interacting with people he knew, such as supervisors and co-workers. The ALJ's interpretation of the opinion as supporting a limitation in interaction with the public – and no other social interaction limitations – was rational. I uphold the ALJ's conclusion.

### ii. Sidney Gold, M.D., and Ana Olivares, Psy.D

The ALJ also found the opinions of the state agency physicians, Sidney Gold, M.D., and Ana Olivares, Psy.D., persuasive. AR 193-194. Neither of the two State agency psychological consultants

who reviewed plaintiff's record assessed limitations in plaintiff's ability to interact with supervisors and co-workers. AR 445-48, 463-65. Drs. Gold and Olivares reviewed plaintiff's record in May 2019 and September 2019, respectively, and both found that plaintiff "could respond appropriately to normal supervision," but had limitations in interacting with the public. AR 447, 465.

Plaintiff notes that Dr. Gold's and Dr. Olivares' preliminary discussions included ratings of "moderately limited" in some areas of social interaction involving co-workers and supervisors. AR 447, 465. The consultants did not, however, include any limitations regarding interaction with co-workers and supervisors in their ultimate explanations of plaintiff's limitations. AR 447, 465. The physicians opined that plaintiff could "respond appropriately to normal supervision[.]" AR 447, 465. Drs. Gold and Olivares also found Dr. Hixon-Brenenstall's opinion to be persuasive. AR 443, 461.  Drs. Gold and Olivares assessed only "limited public contact" and no other social interaction limitations. AR 447, 465.

The ALJ reasonably found Dr. Hixon-Brenenstall's opinion and the prior administrative medical findings of the State agency psychological consultants to be persuasive because their assessments were supported by their examination and review notes and consistent with the evidence of record. AR 193-94. See 20 C.F.R. 416.920c(b)(2). Drs. Gold and Olivares supported their opinions with references to treatment evidence, which showed that plaintiff had largely normal mental status examinations, despite his allegation that he felt anxiety around people, and with references to Dr. Hixon-Brenenstall's examination report. AR 440-41, 458. The ALJ reasonably found that the prior administrative medical findings from the State agency psychological consultants were consistent with the evidence of record. AR 193-94. See 20 C.F.R. 416.920c(c)(2).

//

//

//

7

### iii.  Other Evidence in the Record

The ALJ provided a thorough discussion of other evidence in the record that supported his RFC finding of a limitation to occasional interaction with the general public and no other social limitations. AR 184-94. See 20 C.F.R. § 416.920(e). The ALJ noted that plaintiff reported that he was able to get along with authority figures. AR 183, 186; see AR 617, 650 (function reports showing no trouble getting along with authority figures). The ALJ noted that plaintiff reported interacting with his family in his house and with others on social media. AR 185-86, 193; see AR 393 and 615. Plaintiff stated that his anxiety was "situational only and usually triggered by crowds." AR 189, citing AR 1186.

In November 2018, plaintiff reported that he had anxiety around people he did not know but that his anxiety was "improving with people he knows." AR 189, citing AR 1198. The ALJ's discussion of the evidence indicates that, although plaintiff had difficulty interacting with people he did not know, he generally retained the ability to interact with people he did know. See AR 1186 (stating that plaintiff's anxiety was "situational only and usually triggered by crowds"), AR 1198 (stating that plaintiff had anxiety around people he did not know but his anxiety was "improving with people he knows"), AR 192 (Plaintiff reported socializing with his parents and friends)).

This evidence supports the ALJ's conclusion that plaintiff was limited in his ability to interact with the public (people he would not know) but was not limited in his ability to interact co-workers and supervisors (people he would know). The ALJ appropriately based plaintiff's RFC on all the relevant evidence in the record. See 20 C.F.R. § 416.920(e) (explaining that the RFC is "based on all the relevant medical and other evidence in your case record").

The ALJ properly evaluated the evidence in assessing plaintiff's RFC. The ALJ also reasonably did not assess limitations in plaintiff's ability to interact with supervisors and co-workers. No medical opinion or prior administrative medical finding included limitations in plaintiff's ability to interact with

supervisors and co-workers. The remainder of the medical and other evidence supported the ALJ's RFC.

I have reviewed the administrative record as a whole and I find that the ALJ's decision is wholly

supported by substantial evidence. I deny the motion for remand.

Accordingly,

I ORDER that plaintiff Lee's motion for reversal and/or remand (ECF No. 19) is DENIED and

the Commissioner's cross-motion to affirm (ECF No. 21) is GRANTED.

DATED this 25th day of August 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE